# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 23-2235, Nat'l Assn. of Immigr. Judges v. Neal (full caption on additional page) |
| **Originating No. & Caption** | 1:20-cv-00731-LMB-JFA, Nat'l Assn. of Immigr. Judges v. Neal (full caption on additional page) |
| **Originating Court/Agency** | U.S. District Court for the Eastern District of Virginia |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. § 1291 | |
| Time allowed for filing in Court of Appeals | 60 days | |
| Date of entry of order or judgment appealed | 9/21/23 | |
| Date notice of appeal or petition for review filed | 11/19/23 | |
| If cross appeal, date first appeal filed | N/A | |
| Date of filing any post-judgment motion | N/A | |
| Date order entered disposing of any post-judgment motion | N/A | |
| Date of filing any motion to extend appeal period | N/A | |
| Time for filing appeal extended to | N/A | |
| Is appeal from final judgment or order? | ☉ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ☉ No |

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ⦿ No |
| Has transcript been filed in district court? | ○ Yes | ⦿ No |
| Is transcript order attached? | ○ Yes | ⦿ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | 20-1868 | |
| Case number of any pending appeal in same case | N/A | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ⦿ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ⦿ Yes | ○ No |
| Does case involve question of first impression? | ⦿ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ⦿ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| See additional attached page. |

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| Whether the District Court erred in holding that the Civil Service Reform Act impliedly divested district court jurisdiction over NAIJ's First and Fifth Amendment challenge to an employee-speech policy that imposes a prior restraint on speech by categorically forbidding immigration judges from speaking in their personal capacities on any topic relating to immigration law and policy. |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: David L. Neal, Director of the Executive Office for Immigration Review<br>Attorney: Jennifer Utrecht<br>Address: US DOJ Civil Division, Appellate Staff<br>950 Pennsylvania Ave NW Room 7710<br>Washington, DC 20530<br><br>E-mail: jennifer.l.utrecht@usdoj.gov<br>Phone: 202-353-9039 | Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br>Phone: |
| **Adverse Parties (continued)** ||
| Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br>Phone: | Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br>Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: National Association of Immigration Judges, affiliated with the International Federation of Professional and Technical Engineers<br><br>Attorney: Ramya Krishnan, Alexander Abdo<br>Address: Knight First Amendment Institute<br>   at Columbia University<br>   475 Riverside Drive, Suite 302<br>   New York, NY 10115<br><br>E-mail: ramya.krishnan@knightcolumbia.org<br><br>Phone: (646) 745-8500 | Name: National Association of Immigration Judges, affiliated with the International Federation of Professional and Technical Engineers<br><br>Attorney: Victor M. Glasberg<br>Address: Victor M. Glasberg & Associates<br>   121 S. Columbia Street<br>   Alexandria, VA 22314<br><br><br>E-mail: vmg@robinhoodesq.com<br><br>Phone: (703) 684-1100 |
| **Appellant (continued)** ||
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

**Signature:** /s/ Ramya Krishnan     **Date:** 12/13/23

**Counsel for:** Appellant

---

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

Signature:     Date:

Print to PDF for Filing     Reset Form

**1. Appeal No. & Caption** No. 23-2235, NATIONAL ASSOCIATION OF IMMIGRATION JUDGES, affiliated with the International Federation of Professional and Technical Engineers v. DAVID L. NEAL, in his official capacity as Director of the Executive Office for Immigration Review.

**2. Originating No. & Caption** No. 1:20-cv-00731-LMB-JFA, NATIONAL ASSOCIATION OF IMMIGRATION JUDGES, affiliated with the International Federation of Professional and Technical Engineers v. DAVID L. NEAL, in his official capacity as Director of the Executive Office for Immigration Review.

**3. Nature of the Case**

Plaintiff the National Association of Immigration Judges ("NAIJ") challenges the constitutionality of an employee-speech policy ("Policy") issued by the Executive Office for Immigration Review ("EOIR"). The Policy categorically prohibits immigration judges from speaking publicly in their private capacities about immigration law or policy issues or about EOIR programs or policies, and requires judges to seek EOIR's approval before speaking on other topics. NAIJ alleges that the Policy violates the First Amendment because it imposes a system of prior restraint on the speech of immigration judges, because it is not appropriately tailored to any legitimate government interest, and because it fails to include adequate procedural safeguards. NAIJ also alleges that the Policy is void for vagueness under the First and Fifth Amendments because it invites arbitrary and discriminatory enforcement.

On July 3, 2020, NAIJ brought suit against Defendant, the Director of EOIR, in the U.S. District Court for the Eastern District of Virginia. That same day, it moved for a preliminary injunction to prevent Defendant and his agents from enforcing the Policy during the pendency of this litigation. On August 6, 2020, the district court denied NAIJ's motion holding that the Federal Service Labor-Management Relations Statute impliedly withdrew the court's jurisdiction over NAIJ's claims because NAIJ was, at that time, a certified union. NAIJ appealed the district court's order on August 7, 2023. The Fourth Circuit initially affirmed the dismissal; however, because the Federal Labor Relations Authority formally decertified NAIJ before the issuance of the Court's mandate, the Fourth Circuit granted NAIJ's petition for rehearing on June 7, 2022, vacated its decision and the district court's denial of NAIJ's motion for a preliminary injunction, and remanded for further proceedings as appropriate. On remand, NAIJ filed an amended complaint. On December 2, 2022, the district court granted Defendant's motion to dismiss the complaint on the ground that NAIJ had failed to sufficiently allege standing, and granted NAIJ leave to amend. NAIJ subsequently filed a second amended complaint. On September 21, 2023, the district court granted Defendant's motion to dismiss that complaint, holding that although NAIJ had sufficiently alleged standing, the Civil Service Reform Act of 1978 ("CSRA") impliedly divested the court of jurisdiction over NAIJ's claims.