

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave., N.W., Rm. 7710
Washington, D.C. 20530-0001

_____

Tel: (202) 353-9039

December 1, 2025

VIA CM/ECF

Nwamaka Anowi, Clerk
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219

      Re:   *National Association of Immigration Judges v. Owen*, No.
            23-2235 (4th Cir.)

Dear Ms. Anowi:

      Defendant-appellee submits this letter regarding *Clark v. Sweeney*,
No. 25-52 (U.S. Nov. 24, 2025), in which the Supreme Court, without noted
dissent, summarily reversed this Court for disregarding the
party-presentation principle. *Sweeney* supports withdrawal of the panel
opinion or, at minimum, a stay of the mandate.

      In *Sweeney*, a state prisoner alleged that defense counsel was
ineffective in not questioning other jurors about one juror's unauthorized
crime-scene visit. *Sweeney v. Graham*, No. 22-6513, 2025 WL 800452, at
*7 (4th Cir. Mar. 13, 2025). This Court agreed that counsel performed
ineffectively. *Id.* at *14-*17. But it granted relief only given additional
errors by the judge, which "exacerbated" counsel's deficiency. *Id.* at *8.
Judge Quattlebaum dissented, underscoring the majority's "flout[ing]" of
the party-presentation principle. *Id.* at *38.

      The Supreme Court summarily reversed. Slip Op. 1. "In our
adversarial system," the Court explained, "[t]he parties 'frame the issues for
decision' while the court serves as 'neutral arbiter of matters the parties
present.'" Slip Op. 2 (quoting *United States v. Sineneng-Smith*, 590 U.S.

371, 375 (2020)). "The Fourth Circuit transgressed the party-presentation principle by granting relief on a claim that Sweeney never asserted and that the State never had the chance to address." Slip Op. 3.

The deviation from the party-presentation principle here exceeds the error in *Sweeney*. In *Sweeney*, the panel at least built on the prisoner's own theory and errors he identified. 2025 WL 800452, at *8. But here, NAIJ affirmatively conceded *Thunder Basin*'s first step (Br. 17), and the panel *rejected* NAIJ's step-two claim, only to craft its own step-one argument. That approach "disregard[ed] the principle of party presentation." En Banc Op. 17 (Quattlebaum, J., dissenting).

Following *Sweeney*, the panel opinion should be withdrawn. At minimum, the Court should stay the mandate. The Solicitor General has authorized the United States to seek summary reversal from the Supreme Court. The panel's novel legal theory risks substantial jurisdictional uncertainty in this Circuit. Stay Mot. 13-14. But remand proceedings could potentially moot the appeal and deprive the Supreme Court of jurisdiction. A stay would preserve the status quo and permit orderly Supreme Court review.

Sincerely,

MICHAEL S. RAAB
*/s/ Jennifer L. Utrecht*
JENNIFER L. UTRECHT
   (202) 353-9039
   *Attorneys, Appellate Staff*
   *Civil Division, Room 7710*
   *U.S. Department of Justice*
   *950 Pennsylvania Ave., NW*
   *Washington, D.C. 20530*

cc (via CM/ECF): Counsel of record

2

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this motion complies with the requirements of Federal Rule of Appellate Procedure 28(j).   The body of this letter contains 350 words.

*/s/ Jennifer L. Utrecht*
Jennifer L. Utrecht


**CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system.   I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Jennifer L. Utrecht*
Jennifer L. Utrecht

3

Per Curiam

# SUPREME COURT OF THE UNITED STATES

### TERENCE CLARK, DIRECTOR, PRINCE GEORGE'S COUNTY DEPARTMENT OF CORRECTIONS, ET AL. *v.* JEREMIAH ANTOINE SWEENEY

#### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. 25–52.  Decided November 24, 2025

PER CURIAM.

A Maryland jury found Jeremiah Sweeney guilty of second-degree murder and several other crimes.  Sweeney's convictions were affirmed on appeal, and his bid for post-conviction relief in state court was unsuccessful.  Sweeney sought habeas relief in Federal District Court, and that court, too, denied relief.  But the Fourth Circuit reversed and ordered a new trial, relying on a claim that Sweeney never asserted.  Because the Court of Appeals departed dramatically from the principle of party presentation, we reverse.

I

According to the State's witnesses at trial, Jeremiah Sweeney was arguing one night with neighbors about stolen marijuana.  He eventually opened fire, missing his intended targets but killing a bystander who was about 75 yards away.  At issue during trial was whether Sweeney could have been the shooter given his location and the angle of the bullet wound.

After the State rested its case, Juror 4's curiosity got the best of him, and he decided to check out the crime scene for himself.  Shortly after jury deliberations began, Juror 4 told the jury about his visit, and the jury promptly reported his visit to the court.  The parties conferred and eventually agreed that rather than declare a mistrial, the court would dismiss Juror 4 and deliberations would proceed with 11

jurors. Sweeney was convicted, and his convictions were affirmed on direct appeal.

Sweeney later filed a petition for postconviction relief in state court. He argued, among other things, that his trial counsel was ineffective under *Strickland* v. *Washington*, 466 U. S. 668, 686 (1984), for not seeking to *voir dire* the entire jury to ensure that no other juror was tainted by Juror 4's unauthorized crime-scene visit. The state court denied relief after a hearing. With the help of appointed counsel, Sweeney then petitioned for a writ of habeas corpus under 28 U. S. C. §2254 in Federal District Court. As in state court, Sweeney argued that his trial counsel was ineffective for not seeking to *voir dire* the entire jury. The District Court denied Sweeney's petition, concluding that the state court's application of *Strickland* was not objectively unreasonable.

In an unpublished opinion, the Fourth Circuit reversed—but not on the ineffective-assistance claim that Sweeney brought. Instead, the Fourth Circuit declared that Sweeney's trial was marred by a "combination of extraordinary failures from juror to judge to attorney" that deprived Sweeney of his right to be confronted with the witnesses against him and his right to trial by an impartial jury. App. to Pet. for Cert. 22a, 29a. That error, the Court of Appeals concluded, entitled Sweeney to a new trial. Judge Quattlebaum dissented, criticizing the majority for "flout[ing]" traditional principles of party presentation. *Id.*, at 99a–103a.

## II

"In our adversarial system of adjudication, we follow the principle of party presentation." *United States* v. *Sineneng-Smith*, 590 U. S. 371, 375 (2020). The parties "'frame the issues for decision,'" while the court serves as "'neutral arbiter of matters the parties present.'" *Ibid.* (quoting *Greenlaw* v. *United States*, 554 U. S. 237, 243 (2008)). To put it

Per Curiam

plainly, courts "call balls and strikes"; they don't get a turn at bat. *Lomax* v. *Ortiz-Marquez*, 590 U. S. 595, 599 (2020).

The Fourth Circuit transgressed the party-presentation principle by granting relief on a claim that Sweeney never asserted and that the State never had the chance to address. Sweeney asserted "one, and only one," claim in his federal habeas petition: that his counsel was ineffective for failing to investigate whether other jurors had been prejudiced by Juror 4's crime-scene visit. App. to Pet. for Cert. 53a (Quattlebaum, J., dissenting). Instead of ruling on that claim, the Fourth Circuit devised a new one, based on a "combination of extraordinary failures from juror to judge to attorney." *Id.*, at 22a. The Fourth Circuit's "radical transformation" of Sweeney's simple ineffective-assistance claim "departed so drastically from the principle of party presentation as to constitute an abuse of discretion." *Sineneng-Smith*, 590 U. S., at 380, 375. We accordingly reverse the judgment of the Fourth Circuit and remand the case for further proceedings.

On remand, the Fourth Circuit should analyze the ineffective-assistance claim that Sweeney asserted. Under the Antiterrorism and Effective Death Penalty Act of 1996, relief is barred unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U. S. C. §2254(d). When assessing a *Strickland* claim that a state court has already adjudicated, the "analysis is 'doubly deferential.'" *Dunn* v. *Reeves*, 594 U. S. 731, 739 (2021) (*per curiam*) (quoting *Burt* v. *Titlow*, 571 U. S. 12, 15 (2013)). "[A] federal court may grant relief only if *every* 'fairminded jurist' would agree that *every* reasonable lawyer would have made a different decision." 594 U. S., at 739–740 (quoting *Harrington* v. *Richter*, 562 U. S. 86, 101 (2011)).

4                 CLARK *v.* SWEENEY

Per Curiam

The petition for certiorari is granted, the judgment of the Fourth Circuit is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*