Cite as: 608 U. S. ____ (2026)          1

Per Curiam

# SUPREME COURT OF THE UNITED STATES

DAREN K. MARGOLIN, DIRECTOR OF THE
EXECUTIVE OFFICE FOR IMMIGRATION
REVIEW *v.* NATIONAL ASSOCIATION OF
IMMIGRATION JUDGES

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. 25–767.   Decided May 26, 2026

PER CURIAM.

After the Executive Office for Immigration Review adopted a policy regulating immigration judges' work-related speech, an association of such judges (respondent here) challenged the policy in federal district court. The District Court held that respondent's challenge must proceed through the administrative review scheme established by the Civil Service Reform Act. But the Fourth Circuit vacated and remanded based on an issue the parties had not raised. That decision violated the principle of party presentation, and we reverse.

I

The Executive Office for Immigration Review sets policies governing the immigration courts. See 8 CFR §1003.0 (2024). In October 2021, it implemented a rule requiring immigration judges to obtain supervisory approval for public speeches relating to their official duties. Joint App. in No. 23–2235 (CA4), pp. 56–62. The policy was meant to ensure that employee speech which may be seen as bearing the "imprimatur" of the Office is consistent with its official positions. *Id.*, at 57.

Respondent challenged the policy in the Eastern District of Virginia, asserting violations of its members' First and Fifth Amendment rights. This Court has held that, under the Civil Service Reform Act of 1978 (CSRA), 92 Stat. 1122,

Per Curiam

1125, 5 U. S. C. §§1205, 1206, Congress intended federal employees to bring most work-related grievances to the Merit Systems Protection Board (MSPB) and the Special Counsel—not to federal district court. See *United States* v. *Fausto*, 484 U. S. 439, 455 (1988); *Elgin* v. *Department of Treasury*, 567 U. S. 1, 11–12 (2012). Respondent thus accepted that "the CSRA channels judicial review of challenges to covered employment actions" to the MSPB. Opposition to Motion to Dismiss in No. 1:20–cv–731 (ED Va.), ECF Doc. 72, pp. 2–3. It argued only that its members' constitutional claims were not the *kind* of work-related claims that Congress intended to steer out of district court. See *id.*, at 21–30.

The District Court dismissed respondent's claims. The court, like respondent, acknowledged that "Congress intended to preclude district-court jurisdiction" over "covered actions" brought by federal employees. *National Assn. of Immigration Judges* v. *Neal*, 693 F. Supp. 3d 549, 569 (ED Va. 2023). And it held that respondent's claims were indeed "covered" by the CSRA. *Id.*, at 569–581.

Respondent appealed. It did "no[t] dispute that the CSRA provides the exclusive avenue for review of certain employment-related claims." Brief for Appellant in No. 23–2235 (CA4), ECF Doc. 11–1, p. 18; see also *id.*, at 21–22 ("Congress's intent to preclude district court jurisdiction is . . . manifest in the CSRA" (internal quotation marks omitted)). It again argued only that its specific claims were not covered under the CSRA's claim-channeling scheme. See *id.*, at 21–39.

The Fourth Circuit vacated and remanded. *National Assn. of Immigration Judges* v. *Owen*, 139 F. 4th 293 (2025). Like the District Court, it held that respondent's claims were covered by the CSRA. *Id.*, at 308–313. And the court recognized our precedent holding that "Congress designed the CSRA to divest district courts of jurisdiction to review legal challenges" like respondent's. *Id.*, at 313.

Per Curiam

Nonetheless, it held that factual circumstances had "called into question" whether the CSRA was "functioning as Congress intended." *Id.*, at 304. Specifically, the court believed that legal challenges to the tenure protection afforded MSPB members and the Special Counsel, and the MSPB's lack of a quorum, may require a "new examination of Congressional intent" to channel covered claims out of district court. *Id.*, at 308. The court thus remanded for factfinding into the current operation of the MSPB. *Id.*, at 305, 313.

The Court of Appeals denied rehearing en banc. *National Assn. of Immigration Judges* v. *Owen*, 160 F. 4th 100 (CA4 2025). Judge Quattlebaum, joined by three judges, dissented.* He criticized the panel for "shirk[ing] party presentation principles" by deciding the case on a novel ground "without any party raising the issue and without requesting supplemental briefing." *Id.*, at 107–108, 118.

## II

Federal courts adhere to the principle of party presentation. See *Clark* v. *Sweeney*, 607 U. S. 7, 9–10 (2025) (*per curiam*). That principle—the "rule that points not argued will not be considered"—distinguishes our adversarial system of justice from an inquisitorial one. *United States* v. *Burke*, 504 U. S. 229, 246 (1992) (Scalia, J., concurring in judgment). Because courts are "essentially passive instruments of government," we rely on the parties to "frame the issues for decision" and decide "only the questions presented." *United States* v. *Sineneng-Smith*, 590 U. S. 371, 375–376 (2020) (internal quotation marks omitted).

We recently reversed the Fourth Circuit for violating this party-presentation principle. In *Clark*, a state prisoner seeking federal habeas relief argued that his trial counsel was ineffective for failing to investigate whether the entire jury had been tainted by one juror's unauthorized crime-

—————
*Chief Judge Diaz and Judge Niemeyer voted to grant rehearing en banc but did not join Judge Quattlebaum's dissent.

4                    MARGOLIN *v.* NAIJ

Per Curiam

scene visit. 607 U. S., at 8–9. The District Court denied relief, but the Fourth Circuit reversed and granted a new trial. It did so based not on the prisoner's ineffective-assistance claim, but instead on "a combination of extraordinary failures from juror to judge to attorney" that deprived the prisoner of his confrontation and impartial-jury rights. *Id.*, at 9 (internal quotation marks omitted). We summarily reversed. By "granting relief" based on a claim that the prisoner "never asserted and that the State never had the chance to address," the Fourth Circuit "transgressed the party-presentation principle." *Ibid.*

So too here. The Fourth Circuit violated the party-presentation principle when it decided "a case different from the one [respondent] advanced." 160 F. 4th, at 118 (Quattlebaum, J., dissenting from denial of rehearing en banc). As respondent conceded below, our precedent establishes that Congress, through the CSRA, intended to channel covered claims to the MSPB. ECF Doc. 72, pp. 8–9; ECF Doc. 11–1, p. 18. The parties thus confined their arguments to the narrow question whether respondent's claims were, in fact, covered. Unsatisfied with rejecting respondent's arguments on that question, however, the Fourth Circuit *sua sponte* addressed a much broader one and remanded for further proceedings on that question. The court transformed respondent's argument that the CSRA did not channel *its* claims into one that the CSRA might not—in light of current conditions—channel *any* claims. And the court did so without giving either side a chance to address its theory. See *Clark*, 607 U. S., at 9. That "'drasti[c]'" departure from the principle of party presentation "'constitute[d] an abuse of discretion.'" *Id.*, at 10 (quoting *Sineneng-Smith*, 590 U. S., at 375).

Federal courts are not "roving commissions," *Broadrick* v. *Oklahoma*, 413 U. S. 601, 611 (1973), licensed to "'sally forth each day looking for wrongs to right,'" *Sineneng-Smith*, 590 U. S., at 376 (quoting *United States* v. *Samuels*,

Cite as: 608 U. S. \_\_\_\_ (2026)    5

Per Curiam

808 F. 2d 1298, 1301 (CA8 1987) (Arnold, J., concurring in denial of rehearing en banc)).  The Court of Appeals lost sight of those principles here.

The petition for a writ of certiorari is granted, the judgment of the Fourth Circuit is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

USCA4 Appeal: 23-2235      Doc: 65-2      Filed: 05/26/2026      Pg: 6 of 8      Total Pages:(6 of 8)

# SUPREME COURT OF THE UNITED STATES

DAREN K. MARGOLIN, DIRECTOR OF THE
EXECUTIVE OFFICE FOR IMMIGRATION
REVIEW *v.* NATIONAL ASSOCIATION OF
IMMIGRATION JUDGES

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. 25–767.   Decided May 26, 2026

JUSTICE THOMAS, with whom JUSTICE BARRETT joins, concurring.

I agree with the Court that the Fourth Circuit erred by disregarding traditional party-presentation principles. I write separately to explain why the Fourth Circuit's decision was also wrong on the merits.

As the Fourth Circuit seemed to acknowledge, this Court's precedent establishes that the District Court lacked jurisdiction over this challenge to a federal workplace policy. The Civil Service Reform Act of 1978, 5 U. S. C. §1101 *et seq.*, provides a statutory review scheme through which certain federal employees must raise certain workplace complaints. The scheme authorizes judicial review only after the employees have had their claims heard by the Merit Systems Protection Board (and sometimes the Office of the Special Counsel). §§1214, 7512, 7703; 28 U. S. C. §1295(a)(9). In *Elgin* v. *Department of Treasury*, 567 U. S. 1 (2012), this Court held that "covered employees appealing covered agency actions" must "proceed exclusively through the statutory review scheme." *Id.*, at 10. Respondent concedes that its members are covered employees. The Fourth Circuit agreed that the workplace policy at issue is a covered agency action. *National Assn. of Immigration Judges* v. *Owen*, 139 F. 4th 293, 308–313 (2025). Thus, the Fourth Circuit had to acknowledge that, under *Elgin*, "the National Association of Immigration Judges would be required to

2                         MARGOLIN *v.* NAIJ

THOMAS, J., concurring

bring its case through [this] administrative scheme," which would require the dismissal of this case. 139 F. 4th, at 299; see also *id.*, at 305.

Nevertheless, the Fourth Circuit strained to avoid dismissal of the case based on its belief that new political considerations changed the governing law. The court explained that it would not allow its "black robes to insulate [it] from taking notice of items in the public record." *Id.*, at 313. Specifically, the Fourth Circuit worried that because "the President removed the Special Counsel" and "two members of the MSPB," there were now "serious questions as to whether the CSRA's adjudicatory scheme continues to function as intended." *Id.*, at 305. Congress designed the CSRA to rely on MSPB independence, the Fourth Circuit claimed, so now that "the Government has questioned the constitutionality of the removal protections enshrined in the CSRA," it was no longer clear that the statutory scheme was functioning as Congress intended. *Id.*, at 308. If it were not, the court reasoned, Congress might not have intended for such claims to be channeled to the MSPB any longer. The Fourth Circuit thus remanded to the District Court for factfinding as to how the CSRA scheme is functioning and whether a "new examination of Congressional intent may be required in light of changing circumstances." *Ibid.*

The Fourth Circuit's analysis bears little resemblance to legal interpretation. Neither the President's view that he can remove federal executive officials, see *Myers* v. *United States*, 272 U. S. 52 (1926), nor his having done so, change the meaning of the statute or the binding nature of this Court's interpretation of it. "Conditions may have changed, but the statute has not." *United States ex rel. Marcus* v. *Hess*, 317 U. S. 537, 547 (1943). Courts may not "rewrite the statutory scheme in order to approximate what we think Congress might have wanted had it known that" the President or courts may conclude that its removal

THOMAS, J., concurring

restrictions were "beyond its authority." *Seminole Tribe of Fla.* v. *Florida*, 517 U. S. 44, 76 (1996). Statutes change only when Congress changes them, not when judges decide that they no longer vindicate Congress's purposes. See U. S. Const., Art. I, §§1, 7.

As Judge Quattlebaum wrote in dissent, the Fourth Circuit's decision below "undermines important principles of our system of justice," including that law remains law despite the "political controversies of the day." *National Assn. of Immigration Judges* v. *Owen*, 160 F. 4th 100, 118 (2025) (en banc).