**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-2235**

---

NATIONAL ASSOCIATION OF IMMIGRATION JUDGES, affiliated with the International Federation of Professional and Technical Engineers,

Plaintiff - Appellant,

v.

SIRCE E. OWEN, in her official capacity as Acting Director of the Executive Office for Immigration Review,

Defendant - Appellee.

---

On Remand from the Supreme Court of the United States. (S. Ct. No. 25-767)

---

Submitted: June 29, 2026 Decided: August 19, 2026

Amended: November 4, 2026

---

Before HARRIS, HEYTENS and BERNER, Circuit Judges.

---

Affirmed as modified by unpublished per curiam opinion.

---

**ON BRIEF:** Ramya Krishnan, Alexia Ramirez, Xiangnong Wang, Alex Abdo, Knight First Amendment Institute, COLUMBIA UNIVERSITY, New York, New York; Victor M. Glasberg, Nickera Simone Rodriguez, VICTOR M. GLASBERG & ASSOCIATES, Alexandria, Virginia, for Appellant. Brian M. Boynton, Principal Deputy Assistant Attorney General, Michael S. Raab, Jennifer L. Utrecht, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Jessica D. Aber, United States

Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The Supreme Court vacated our previous decision and directed us to reconsider in light of party presentation principles. *Margolin v. Nat'l Ass'n of Immigr. Judges*, 146 S. Ct. 1285 (2026). Upon remand, plaintiff-appellant the National Association of Immigration Judges filed a motion requesting that this court set a schedule for renewed briefing. Defendant-appellee Sirce E. Owen opposed. We deny the motion.

Having carefully reviewed the parties' newly filed papers, the prior briefing, and the record, we affirm the district court's ruling that it lacked jurisdiction to consider the plaintiff's claims.* *Nat'l Ass'n of Immigr. Judges v. Neal,* 693 F. Supp. 3d 549. (E.D. Va. 2023). A dismissal for lack of subject-matter jurisdiction, however, "must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands*, LLC, 713 F.3d 175, 185 (4th Cir. 2013). Here, the district court entered judgment in favor of Owen rather than dismissing the case without prejudice.

Accordingly, we affirm the district court's order as modified to reflect a dismissal without prejudice.

*AFFIRMED AS MODIFIED*

---

* In *Trump v. Slaughter*, 609 U.S. -- (2026), the Supreme Court held that the for-cause removal protections in the Federal Trade Commission Act violate the constitutional requirement of separation of powers. 2026 WL 1855612 (U.S. June 29, 2026). The for-cause removal protections applicable to members of the Merit Systems Protection Board and the Special Counsel under the Civil Service Reform Act of 1978 (CSRA) arguably suffer the same constitutional infirmity. The briefing in this case, however, did not address this issue nor did it address the question of whether the CSRA's for-cause removal protections are severable. *See id.* at *16 n.3.